## REUBEN GILL *v.* MILTON FARMER.

**Sheriff—Service of Process—Judgment.**
> A sheriff or his deputy has no power to serve civil process out of his county and when he does so his return is not proof of service.

**Judgment.**
> A judgment entered without the service of process, where there is no appearance by the defendant to the action, is void.

### APPEAL FROM DAVIESS CIRCUIT COURT.

October 18, 1876.

OPINION BY JUDGE PRYOR:

The deputy sheriff of Daviess county had no power to serve the

summons in McLean county. His return is "executed on Reuben Gill in McLean county, April 29, 1875, by delivering him a true copy of the within, which I accept," signed Reuben Gill. The deputy signed his name in his official capacity at the place on the paper where it is usual to attest such papers.

The Code requires that service may be acknowledged by the defendant by an endorsement on the summons, signed and dated by him and attested by a return. The affidavit of the witness should be proof of service, etc. There is no proof of the service or acknowledgment in this case, nor is there any attestation to the act of the defendant in signing it. In New York, under a similar provision, where the sheriff served the summons out of the county, it is said, "The proof of service must be by affidavit; his certificate of service is of no avail." There is no proof of service whatever in this case, and the judgment was therefore void. If the last judgment had been proper, we see no reason why the commissioner should not sell to satisfy both judgments, as the cases were consolidated. The judgment is *reversed* and cause remanded for further proceedings consistent with this opinion.

*G. W. Ray, for appellant.    Owen & Ellis, for appellee.*